IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | |
|---|---|
| **JAMES WEATHERS,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CUMBERLAND COUNTY BOARD OF EDUCATION,**<br><br>*Defendant.* | **Case No.: 5:24-cv-612** |

## COMPLAINT AND JURY REQUEST

**Now comes** the Plaintiff, James Weathers ("Weathers"), and complaining of the Defendant, Cumberland County Board of Education ("the Board"), alleges the following to be true:

### INTRODUCTION

1  This action arises from the Board's termination of Weathers based on disability in violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq*.

2  Each paragraph of this Complaint incorporates all others, and all exhibits are incorporated as if fully laid out herein.

### PARTIES, JURISDICTION, AND VENUE

3  Weathers is a resident of Cumberland County, North Carolina, and is neither a minor nor incompetent.

4 The Board is a board of education for Cumberland Count, North Carolina.

5 This Court has subject-matter jurisdiction over this action pursuant to any/all of the following:

    5.1 28 U.S.C. § 1331, as the action arises out of 42 U.S.C. §§ 12101 *et seq.*;

6 This Court has personal jurisdiction over all parties to this matter pursuant to any/all of the following:

    6.1 Rule 4(k)(1)(A) of the Federal Rules of Civil Procedure, which requires the federal district courts to use the rules for personal jurisdiction of the state where the district court is located;

    6.2 N.C. Gen. Stat. § 115C-40 as the Board was a body corporate capable of prosecuting and defending suits at the time service of process was made upon it.

    6.3 N.C. Gen. Stat. § 1-75.4(3), as this action arises from a local act or omission causing injury to Weathers's person or property.

7 Venue is proper in this Court pursuant to any/all of the following:

    7.1 28 U.S.C. § 1391(b)(1), as all Defendants are residents of North Carolina and at least one defendant is a resident of the Eastern District of North Carolina;

    7.2 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to this action occurred in the Eastern District of North Carolina.

## STATEMENT OF THE FACTS

8     Weathers is a disabled veteran with tinnitus, glaucoma, and high blood pressure. This conditions substantially limit Weathers's ability to see and hear, as well as the functioning of his circulatory system.

9     In June 2019, Weathers began working for the Board at Westover High School as a custodian.

10    Weathers's job duties included cleaning the facility and maintaining the property by such activities as mopping, sweeping, wiping down, and landscaping, all of which he could do without accommodations.

11    Weathers had no performance issues and was rated highly on his regular evaluations.

12    In October 2021, Weathers was told he must get a commercial driver's license ("CDL") and learn to drive a school bus, or he would be fired.

13    Weathers is ineligible to obtain a CDL because of his limited sight and hearing, and because of the medication he takes for his high blood pressure.

14    The Board continued to allow Weathers to work through the end of the school year but told him he would be terminated after the school year ended because he could not get a CDL.

15    On June 5, 2022, Weathers was terminated because he was unable to obtain a CDL due to his disabilities.

16    The Board has 501 or more employees.

17    Weathers filed an EEOC charge on November 28, 2022, alleging disability discrimination, and received a notice of right to sue from the EEOC on August 9, 2024.

# FIRST CAUSE OF ACTION
## Disability Discrimination (Wrongful Termination)
*The Americans with Disabilities Act, 42 U.S.C. §§ 12101* et seq.

18	Weathers is a qualified individual with a disability.

19	Weathers was discharged.

20	Weathers was fulfilling the Board's legitimate expectations at the time of his discharge.

21	The circumstances of Weathers's discharge raise a reasonable inference of unlawful discrimination.

# SECOND CAUSE OF ACTION
## Disability Discrimination (Disparate Impact)
*The Americans with Disabilities Act, 42 U.S.C. §§ 12101* et seq.

22	The Board instituted a policy requiring custodians to get CDLs.

23	The Board terminated custodians who were not able to get CDLs.

24	The Board's policy disproportionately excludes qualified individuals with a disability from employment.

25	Weathers was terminated because he could not get a CDL based on his disabilities.

# REQUEST FOR JURY TRIAL

26	Plaintiff requests a trial by jury on all issues so triable.

**WHEREFORE,** the Plaintiff respectfully requests this Court that it:

1	Enter Judgment for Weathers against Defendant on all causes of action contained herein;

2	Award Weathers damages, including punitive damages, in an amount to be determined at trial;

**3**  Tax the costs of this action against Defendant and award Weathers reasonable attorney fees as permitted by law, and;

**4**  Grant such other and further relief as the Court deems just and proper.

*Respectfully submitted on this, the 31st day of October 2024,*

/s/ WILSON FONG
*Attorney for the Plaintiff*
NC State Bar No. 50708
HENSEL LAW, PLLC
Post Office Box 39270
Greensboro, North Carolina 27438 Phone: (336) 218-6466
Fax: (336) 218-6467
will.fong@hensellaw.com

# CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I electronically filed the foregoing Complaint and Request for Jury Trial with the Clerk of Court using the CM/ECF system, and will serve the following by Certified Mail, return receipt:

> Cumberland County Board of Education
> c/o Deanna Jones, Chair
> P.O. Box 2357
> Fayetteville, NC 28302
> *Defendant*

> **/s/ WILSON FONG**
> *Attorney for the Plaintiff*
> NC State Bar No. 50708
> HENSEL LAW, PLLC
> Post Office Box 39270
> Greensboro, North Carolina 27438 Phone: (336) 218-6466
> Fax: (336) 218-6467
> will.fong@hensellaw.com